**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. & EAST COAST PLASTIC SURGERY, P.C., | No.: |
| Plaintiffs, | |
| v. | |
| AETNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendant. | |

## NOTICE OF REMOVAL

**TO THE CLERK OF COURT:**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Aetna Life Insurance Company (incorrectly identified in the Complaint as "Aetna Health and Life Insurance Company") ("Aetna"), hereby removes the case styled as <u>Rowe Plastic Surgery of New Jersey, L.L.C., et al. v. Aetna Health and Life Insurance Company</u>, Index No. 617459/2022 (the "State Court Action"), from the Supreme Court of the State of New York, Nassau County, where it is now pending, to the United States District Court for the Eastern District of New York. The grounds for removal are as follows:

1. On or about December 12, 2022, Plaintiffs, Rowe Plastic Surgery of New Jersey, L.L.C. ("RPSNJ") and East Coast Plastic Surgery, P.C. ("ECPS") (collectively referred to as "Plaintiffs"), initiated the State Court Action by filing a Summons and Complaint in the Supreme Court of the State of New York, Nassau County, against Aetna. In accordance with 28 U.S.C. § 1446(a), true and correct copies of Plaintiffs' Complaint, along with all other process, pleadings and orders served upon Aetna are attached hereto as **Exhibit 1**.

2. According to their affidavit of service, on or about December 15, 2022, Plaintiffs mailed a copy of the Summons and Complaint to the New York State Department of Financial Services by FedEx overnight delivery. A true and correct copy of Plaintiffs' affidavit of service is attached hereto as **Exhibit 2**.

### GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

3. Plaintiff RPSNJ alleges that it is "a L.L.C. that transacts business in the States of New York and New Jersey." *See* Compl., ¶ 7.

4. Based upon a review of public corporate records maintained by the State of New Jersey, Department of the Treasury, Division of Revenue and Enterprise Services, Plaintiff RPSNJ is a limited liability company existing and operating under the laws of the State of New Jersey, with its principal place of business, mailing address and registered agent located in Bogata, New Jersey.

5. "A limited liability company takes the citizenship of its members." *Avant Capital Partners, LLC v. W108 Dev. LLC,* 387 F.Supp.3d 320, 322 (S.D.N.Y. 2016) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 CIV. 46(PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010).

6. Upon information and belief, Norman Maurice Rowe, M.D. is the sole member of Plaintiff RPSNJ and is a citizen of the State of New York.

7. Plaintiff ECPS alleges that it is "a P.C. that provides health services in the States of [N]ew York and New Jersey." *See* Compl., ¶ 8.

8. Based upon a review of public corporate records maintained by the State of New Jersey, Department of the Treasury, Division of Revenue and Enterprise Services, Plaintiff ECPS is a professional corporation existing and operating under the laws of the State of New Jersey, with its principal place of business, mailing address and registered agent located in Monmouth County, New Jersey.

9. Defendant Aetna is, and at the time of the filing of the State Court Action was, a Connecticut corporation with its principal place of business in Hartford, Connecticut.

10. Plaintiffs seek in excess of $263,098.27 as a result of alleged underpayments for medical services they allegedly provided to "AT," a member of a health benefits plan either insured or administered by Aetna. *See* Compl., ¶¶ 37-53, 126.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of New Jersey and New York (Plaintiffs) and Connecticut (Aetna), and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.

12. Pursuant to 28 U.S.C. § 1441(b), the State Court Action is removable because no party in interest properly joined and served as a defendant is a citizen of the State of New York, the state in which the action was brought.

## REMOVAL IS PROCEDURALLY PROPER

13. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the New York State Department of Financial Services' receipt of the Complaint on or about December 15, 2022[1].

14. The United States District Court for the Eastern District of New York is the appropriate venue for filing a Notice of Removal from the Supreme Court of the State of New York, Nassau County because it is the "district division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, is being filed with the Supreme Court of the State of New York, Nassau County, and served upon counsel for Plaintiffs. A true and correct copy of the Notice to the State Court of Filing of Notice of Removal is attached as **Exhibit 3.**

16. In filing this Notice of Removal, Aetna reserves any and all counterclaims, defenses, objections, and exceptions, including without limitation those relating to jurisdiction, venue, and statutes of limitation.

WHEREFORE, Defendant, Aetna Life Insurance Company, submits this notice that the State Court Action is removed from the Supreme Court of the State of New York, Nassau County to the United States District Court for the Eastern District of New York.

Respectfully Submitted,

Dated: January 16, 2023            STRADLEY RONON STEVENS & YOUNG, LLP

---

[1] The last day of the 30-day removal period was Saturday, January 14, 2023. Accordingly, the 30-day removal period continues to Monday, January 16, 2023, the next business day. *See* Fed. R. Civ. P. 6(a)(1)(C).

By:   */s/ Adam J. Petitt*
      Adam J. Petitt
      Robert J. Norcia
      100 Park Avenue, Suite 2000
      New York, NY 10017
      T: 212-404-0649
      F: 646-682-7180
      E: APetitt@stradley.com; RNorcia@stradley.com

*Attorneys for Defendant, Aetna Life Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the original of the within Notice of Removal and supporting documentation has been electronically filed with the Clerk, United States District for the Eastern District of New York, within the time and manner prescribed by the rules of the Court and that a copy of the within pleading has been served this date, via ECF and e-mail, upon all counsel of record in the State Court Action.

                                                    */s/ Adam J. Petitt*
                                                    Adam J. Petitt

5904852